UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEVEN LOPEZ, CDCR #AT-4218,<br><br>                                  Plaintiff,<br><br>vs.<br><br>HERNANDEZ, Correctional Officer, Richard J. Donovan Correctional Facility,<br><br>                                  Defendant. | Case No.:  3:23-cv-1237-BTM-LR<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 2]** |

Plaintiff Daniel Steven Lopez, who is proceeding *pro se* and currently incarcerated at Ironwood State Prison ("ISP") in Blythe, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2). Lopez claims that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego on April 14, 2022, Correctional Officer Hernandez violated his Eighth Amendment rights. *See* Compl. at 1, 3.

1  For the reasons explained, the Court grants Lopez leave to proceed IFP, but dismisses his
2  Complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C.
3  § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted.

**I.     IFP MOTION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1119 (9th Cir. 2005). Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Lopez's IFP application complies with both 28 U.S.C. § 1915(a)(1) and (2). In support of his Motion, he has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement Report, together with a certificate issued by an ISP Accounting Officer. *See* ECF Nos. 2, 3 at 1–6; *see also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Lopez maintained an average monthly balance of $44.12 in his prison trust account, and had $45.00 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. At the time of filing, Lopez's available balance was $106.93. *See* ECF No. 3 at 1, 3.

Accordingly, the Court grants Lopez's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $9.00 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Lopez's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

ordered."). The CDCR must thereafter collect the full balance of the $350 total fee owed in this case and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A(b)

### A.   Standard of Review

Because Lopez is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the

petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Factual Allegations</u>

The allegations in Lopez's Complaint are sparse, but exhibits attached offer some context.[2] He claims that on April 14, 2022, RJD Correctional Officer Hernandez "intimidat[ed]" him by stating: "kid and bitch shit." *See* Compl. at 3. Lopez contends this remark made him feel "threatened" because he had an "open case" on Hernandez at the time. *Id.*

While it is unclear what case Lopez is referring to, he attaches to his Complaint copies of a CDCR 602 Inmate/Parolee Appeal dated March 10, 2022, in which Lopez claimed Hernandez "stole a package from [him]," and gave it to another inmate. *Id.* at 9–11. In this grievance, Lopez requested video footage of the incident, and asked to "talk to Internal Affairs" due to "a situation [he] kn[e]w for a fact … was retaliation." *Id.* at 11. Lopez claims his grievance, construed as one involving staff misconduct and assigned Log No. 20013805, was eventually sustained by RJD's Acting Warden Hill on April 10, 2023. *See id.* at 3, 14.

Lopez also attaches a copy of a CDCR Office of Grievances Decision dated February 23, 2023, and related to CDCR 602 grievance he submitted on February 3, 2022. *Id.* at 13.

---

[2] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Kiper v. Nev. State Prison Offs.*, 332 F. App'x 436, 437 (9th Cir. 2009) (discussing district court's screening of allegations based on complaint and exhibits).

This earlier grievance was assigned Log No. 222956, and also construed as a staff misconduct complaint—but Lopez does not allege, and the exhibit itself does not indicate, whether this grievance involved Officer Hernandez. *Id.*

      C.    <u>Discussion</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

Lopez contends Hernandez's April 14, 2022 intimidating "kid and bitch shit" remark violated his Eighth Amendment right to be free from cruel and unusual punishment. *See* Compl. at 3. However, an inmate "being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). Verbal harassment, name-calling, vulgarity, intimidation, or threats do not by themselves constitute cruel and unusual punishment. *See Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) (Eighth Amendment protections do not "extend to mere verbal sexual harassment."); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding verbal harassment, standing alone, does not violate the Eighth Amendment), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]ulgar language" and "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong. The fact that [a] complaint alleges the threat to be for the purpose of denying … access to the courts does not compel a contrary result."); *Edwards v. California State Prison Los Angeles Cnty.*, No. CV 09-02584 GAF AN, 2012 WL 3023317, at *11 (C.D. Cal. July 23, 2012) (medical official's repeated references to inmate as a "bitch" failed to violate Eighth Amendment).

In short, while unprofessional and inappropriate, such conduct does not constitute the "unnecessary and wanton infliction of pain" required to sustain an Eighth Amendment violation. *See e.g., Blueford v. Prunty*, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct ... was verbal"); *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1059 (C.D. Cal. 2008) (finding comments about Plaintiff's racial, ethnic, or alienage background insufficient to state a claim), *aff'd sub nom. Zavala v. Bartnik*, 348 F. App'x 211 (9th Cir. 2009).

For these reasons, the Court *sua sponte* dismisses Lopez's Eighth Amendment claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). *See Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

However, because Lopez claims to have had an "open case" against Officer Hernandez at the time he is alleged to have verbally intimidated him on April 14, 2022, *see* Compl. at 3, the Court will consider whether Lopez has alleged a viable First Amendment retaliation claim for relief as well. *See Byrd v. Phoenix Police Dep't,* 885 F.3d 639, 642 (9th Cir. 2018) (noting court's "obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (citations omitted); *Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008) ("A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss.").

Allegations of retaliation following a prisoner's exercise of his First Amendment right to free speech or to petition the government for redress may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Lopez must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114. Second, Lopez must allege Hernandez took some adverse action against him. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Lopez must allege a causal

connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Fourth, he must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, Lopez must allege that the retaliatory action "d[id] not advance legitimate penological goals, such as preserving institutional order and discipline." *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (citations omitted); *Watison*, 668 F.3d at 1114–15.

Here, while Lopez's pleading includes facts sufficient to plausibly show he had engaged in protected conduct by filing at least once CDCR 602 grievance against Hernandez, *see Rhodes*, 408 F.3d at 568 (filing of an inmate grievance is protected conduct), and that Hernandez later verbally intimidated him, *see Brodheim,* 584 F.3d at 1270 ("[T]he mere threat of harm can be an adverse action."); *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent."), he falls short of pleading any causal connection between Hernandez's remarks and his protected conduct, or any of the remaining elements of a viable First Amendment claim.

For example, Lopez claims he "felt threatened" by Hernandez's remarks "due to [his] having an open case on him," *see* Compl. at 3, but he offers no further "factual content" which plausibly suggests Hernandez was "actually aware" Lopez had filed a grievance against him, *see Pratt*, 65 F.3d at 808, or that Lopez's grievance caused or motivated Hernandez's "kid and bitch shit" comment. *See Iqbal*, 556 U.S. at 678 ("'[N]aked assertion[s]' devoid of 'further factual enhancement'" fail to state a plausible claim for relief) (citation omitted); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (retaliation claims require the plaintiff to show his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct."); *see also Hartman v. Moore*, 547 U.S. 250, 259 (2006) (plaintiff "must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action.").

/ / /

8

Moreover, Lopez's Complaint is devoid of facts which plausibly show Hernandez's April 14, 2022 remark actually chilled the exercise of his First Amendment rights, "would chill or silence a person of ordinary firmness from future First Amendment activities," *Rhodes*, 408 F.3d at 568, or caused him to "suffer[] some other harm" that was "more than minimal." *Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 568 n.11. Finally, Lopez fails to allege Hernandez's comment "failed to advance a legitimate goal of the correctional institution." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114–15. "The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

For all these reasons, the Court finds Lopez's Complaint also fails to allege a plausible First Amendment retaliation claim upon which § 1983 relief can be granted. *See Iqbal*, 556 U.S. at 678; *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### III.  CONCLUSION

Accordingly, the Court:

1) **GRANTS** Lopez's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Lopez's trust account the $9.00 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Lopez's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4) **DISMISSES** Lopez's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and

5) **GRANTS** Lopez forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Lopez's Amended Complaint must be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged in his Amended Complaint will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Lopez fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  September 11, 2023

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge